UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
OCT 3 1 2019
Clerk, U.S. District and
Bankruptcy Courts

GRACE-SYLVIA ADOKAILEY EATON, )
)
    Plaintiff, )
)
v. )   Civil Action No. 1:19-cv-02749 (UNA)
)
)
UNITED STATES CONGRESS, )
)
    Defendant. )

## MEMORANDUM OPINION

This matter is before the Court on its initial review of plaintiff's *pro se* complaint ("Compl."), ECF No. 1, three subsequent declarations, ECF Nos. 3-5, and an application for leave to proceed *in forma pauperis*, ECF No. 2. Plaintiff has also filed a second "complaint," ("Sec. Compl.") ECF No. 6, though to the extent she seeks to amend, she has failed to comply with the requirements of District of Columbia Local Civil Rules 7(i) and 15.1. The Court will grant the *in forma pauperis* application and dismiss the case.

In the initial complaint, plaintiff sues "United States Congress," though any claims against it are unclear. She appears to be aggrieved regarding proceedings before the Superior Court of California in San Diego, and requests that those cases be transferred to this court. Compl. at 1. As a general rule, applicable here, a federal district court lacks jurisdiction to intervene in state court proceedings. *See Richardson v. District of Columbia Court of Appeals*, 83 F.3d 1513, 1514 (D.C. Cir. 1996) (citing *District of Columbia v. Feldman*, 460 U.S. 462, 476 (1983) and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), *aff'd*, No. 94-5079, 1994 WL 474995 (D.C. Cir. 1994), *cert. denied*, 513 U.S. 1150 (1995)).

Plaintiff's subsequent declarations and second "complaint" are mostly incomprehensible. These filings seem primarily concerned with an unspecified alleged investigation conducted by the San Diego Police and Fire Departments. *See, e.g.,* Sec. Compl. at 2. As a result, plaintiff alleges that her body has been "recycled" and that her "vital body organs have been damaged and destroyed[,]" and completely removed. *Id.* at 1-2. Complaints premised on fantastic or delusional scenarios or supported wholly by allegations lacking "an arguable basis either in law or in fact" are subject to dismissal as frivolous. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see Denton v. Hernandez*, 504 U.S. 25, 33 (1992) ("[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible[.]"); *Crisafi v. Holland*, 655 F.2d 1305, 1307-08 (D.C. Cir. 1981) ("A court may dismiss as frivolous complaints . . . postulating events and circumstances of a wholly fanciful kind.").

Therefore, this case is dismissed for want of subject matter jurisdiction and frivolity. *See* Fed. R. Civ. P. 12(h)(3); *see also* 28 U.S.C. § 1915(e)(2)(B)(i). An Order consistent with this Memorandum Opinion is issued separately.

Date: October 31, 2019

United States District Judge

2